# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Ramey, <br><br> Petitioner, <br><br> v. <br><br> Awal Abot, <br><br> Respondent. | Case No. 26-cv-2602 (SRN/DLM) <br><br><br> **ORDER ON DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION** |

Scott Ramey, OID # 212994, MCF-Faribault, 1101 Linden Lane, Faribault, MN 55021, Pro Se Petitioner

James E. Haase, Olmsted County Attorney's Office, 151 4 St. SE, Rochester, MN 55904-3710; Lisa Lodin & Tom Ragatz, Minnesota Attorney General's Office, Criminal Appeals Division, 445 Minnesota St., Saint Paul, MN 55101-2125, for Respondent Awal Abot

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner Scott Ramey's Objections [Doc. No. 9] to Magistrate Judge Douglas L. Micko's May 19, 2026 Report and Recommendation ("R&R") [Doc. No. 5]. In the R&R, Magistrate Judge Micko recommended the following: (1) denying as untimely Mr. Ramey's Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("2254 Petition") [Doc. No. 1]; (2) dismissing the action; and (3) denying as moot Mr. Ramey's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [Doc. No. 2].

For the reasons set forth below, the Court overrules Mr. Ramey's Objections, adopts the R&R in its entirety, denies Mr. Ramie's Petition, denies his IFP application as moot, and declines to issue a certificate of appealability.

## I. BACKGROUND

A Minnesota state-court jury convicted Mr. Ramey of first- and third-degree criminal sexual conduct in March 2021. (*See* R&R at 1.) In July 2021, the state court sentenced Mr. Ramey to a term of imprisonment of 280 months. (*Id.*) Mr. Ramey filed a direct appeal. *See State v. Ramey*, No. A21-1326, 2022 WL 3149072, at *1 (Minn. Ct. App. Aug. 8, 2022). The Minnesota Court of Appeals affirmed his convictions in an unpublished opinion on August 8, 2022. *Id.* The Minnesota Supreme Court denied Mr. Ramey's petition for further review on November 15, 2022. (R&R at 2.)

On February 2, 2023, Mr. Ramey filed a pro se petition for postconviction relief in state court. (*Id.*) On March 13, 2023, the state court denied his petition, finding that his claims were procedurally barred under *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976). *See Ramey v. State*, No. 23-0469, 2023 WL 5839154, at *1 (Minn. Ct. App. Sept. 5, 2023). The Minnesota Court of Appeals affirmed on September 5, 2023, *id.*, at *2, and the Minnesota Supreme Court denied Mr. Ramey's petition for further review on December 19, 2023. (R&R at 2.)

Mr. Ramey signed and dated the instant 2254 Petition on May 7, 2026. (Pet. at 15.) The Clerk's Office received and docketed it on May 13, 2026.

As noted, Magistrate Judge Micko recommends the denial of Mr. Ramey's 2254 Petition, finding it untimely. (R&R at 5–7.) He determined that Mr. Ramey's statute of

2

limitations period began to run on December 20, 2023, and ended on December 20, 2024. (*Id.* at 5.)  He further found that Mr. Ramey did not demonstrate grounds for equitable tolling, noting that Mr. Ramey had left blank the section of the federal habeas petition form that asks petitioners to explain why the one-year statute of limitations does not bar his 2254 Petition. (*Id.*)  Furthermore, Magistrate Judge Micko found that Mr. Ramey's deadline was not tolled by  actual innocence.  (*Id.* at 5–6.)

Mr. Ramey's Objections to the R&R consist of handwritten notations in the margins of his copy of the R&R.  (Objs. at 5–6.)  He takes issue with the magistrate judge's finding that he "identified no extraordinary circumstance that prevented him from filing within the one-year period."  (*Id.* at 5.)  He states that health issues were to blame.  (*Id.*)

Mr. Ramey also appears to argue that he has new reliable evidence that, considered together with the trial record, would persuade the court that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.  (*Id.* at 6.)  Mr. Ramey has underlined the "no-reasonable-juror" phrase, and written in the margin of the R&R, "10[1] women 2 guys bias jury + trial by prosecutor lies."  He also appears to accuse a testifying police officer of lying by giving "conflicting dates under oath."  (*Id.*)

In addition, Mr. Ramey alleges ineffective assistance of counsel for trial counsel's alleged failure to request a mistrial.  (*Id.*)  Also, he asserts, without further explanation, "Prosecutorial misconduct[.]  Removed from court 3 times for lies which tainted jurors & should have led to a mistrial."  (*Id.*)

---

[1] Mr. Ramey's handwriting is difficult to read, and this sentence may refer to "16 women" or "15 women."  (Objs. at 6.)

## II.    DISCUSSION

### A.  Standard of Review

The district court reviews a magistrate judge's recommendations on dispositive matters de novo, undertaking an independent analysis of those portions of the R&R to which a party objects.  28 U.S.C. § 636(b)(1)(C); *see also* D. Minn. L.R. 72.2(b)(3).

### B.  Timeliness Requirements

As Magistrate Judge Micko observed, a federal court's habeas review of state court criminal convictions resulting in incarceration is subject to a one-year limitations period.  28 U.S.C. § 2244(d).  The one-year limitation period runs from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(*Id.* § 2244(d)(1)(A)–(D).)

Mr. Ramey does not challenge the magistrate judge's determination that (B), (C), and (D) are inapplicable.  The Court agrees with the magistrate judge that (A) applies, and that the grounds for relief that Mr. Ramey appears to raise in his 2254 Petition and in his Objections were known to him at trial and at sentencing in 2021.  These issues concern the

4

sufficiency of the evidence, alleged prosecutorial misconduct, alleged juror bias, and alleged ineffective assistance of counsel. Mr. Ramey also does not specifically object to the magistrate judge's determination that under § 2244(d)(1)(A), his limitations period ended on December 20, 2024. Thus, absent an exception to the one-year limitations period, Mr. Ramey's 2254 Petition is untimely and must be dismissed.

Because § 2244(d) is not a jurisdictional bar, but is a statute of limitations, a habeas petitioner may be entitled to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available only if a petitioner shows that: (1) he has diligently pursued his rights; and (2) some extraordinary circumstance beyond his control prevented timely filing. *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) (citing *Holland*, 560 U.S. at 649). In his Objections, Mr. Ramey contends that medical issues prevented him from timely filing a habeas petition, referring to a medical diagnosis or event in 2022, and a different, undated medical diagnosis.[2] (Objs. at 5.) Mr. Ramey provides no documentation of these medical conditions. Furthermore, these conditions did not prevent him from filing a state postconviction petition in February 2023.

Even if Mr. Ramey had demonstrated an extraordinary circumstance beyond his control by presenting medical documentation of his health problems, there is no showing that he diligently pursued his federal habeas rights. He missed the filing deadline by two years and four months, and he has failed to show that he utilized the time available to him within the limitations period. *Williams v. Kelley*, 830 F.3d 770, 772–73 (8th Cir. 2016).

---

[2] Mr. Ramey did not raise this basis for equitable tolling in his Petition. (*See* R&R at 5.)

Nor is Mr. Ramey's untimeliness excused by a claim of actual innocence, which, if proven, can be used to overcome the habeas statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 389–400 (2013). For actual innocence to apply, a petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (citation omitted). Moreover, the petitioner must present new evidence that convinces the Court it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Such evidence must be "evidence which was not available at trial through the exercise of due diligence." *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011). While Mr. Ramey disagrees with the outcome of his trial, he "points to no new reliable evidence of innocence." (R&R at 6.)

Accordingly, for all of these reasons, Mr. Ramey's 2254 Petition is untimely and must be dismissed. Because his 2254 Petition is dismissed, his IFP Application is denied as moot.

### C. Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A Certificate of Appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a "showing" requires that he demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Mr. Ramey has not made such a showing, and thus is not entitled to a Certificate of Appealability.

### III.    ORDER

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. The Report and Recommendation [Doc. No. 5] is **ADOPTED**;

2. Petitioner Scott Ramey's Objections [Doc. No. 9] are **OVERRULED**;

3. Petitioner Scott Ramey's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] is **DENIED** as untimely;

4. This action is **DISMISSED**;

5. Mr. Ramey's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] is **DENIED** as moot; and

6. No certificate of appealability shall be issued.

Dated: July 17, 2026

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

7