**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**SCOTT RAMEY,**

Petitioner,

v.

**AWAL ABOT,**

Respondent.

Case No. 26-CV-2602 (SRN/DLM)

**ORDER**

---

This matter is before the Court on two motions of Petitioner Scott Ramey, and a request for appointment of counsel. First, Ramey has applied for *in forma pauperis* ("IFP") status on appeal. *See* (Doc. No. 34). The Court has reviewed the IFP application and concludes both that Ramey qualifies financially for IFP status and that the appeal is not taken in the absence of good faith. *See* 28 U.S.C. § 1915(a)(3). Further, although the Court declined to issue a certificate of appealability, Ramey's appeal is not frivolous as the Supreme Court has defined that term. *See Moore v. Haas*, Civil No. 2:13-CV-12225, 2013 WL 5819593, at *6 (E.D. Mich. Oct. 29, 2013). ("The standard for granting an application for leave to proceed *in forma pauperis* . . . is a lower standard than the standard for certificates of appealability."); *accord United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). Accordingly, the IFP application will be granted.

Second, eight days after the Court entered judgment on his habeas petition, Ramey filed a motion for equitable tolling. *See* (Doc. No. 22); (Doc. No. 27). Ramey argues that equitable tolling is warranted due to extraordinary circumstances consisting of a two-week

hospitalization for congestive heart failure and kidney failure in November 2022, due to losing a tooth and facial lacerations he suffered in an attack by other inmates following his hospitalization. *See id*. Although the issue was not raised by Ramey in his original habeas petition, the Court considered and rejected the application of equitable tolling when his habeas petition was denied. (Doc. No. 5 at 5, *report and recommendation adopted,* Doc. No. 22.) Nothing in Ramey's present motion, which consists of information that was well-known to him at the time he filed his habeas petition, would have caused the Court to find equitable tolling is appropriate in this matter. Indeed, the extraordinary circumstances to which Ramey cites occurred over a year prior to the start of the statute of limitations period for filing his 28 U.S.C. § 2254 petition. *See* Doc. No. 5 at 5 ("Ramey's AEDPA limitations clock started on December 20, 2023, and ended on December 20, 2024."). Even accepting that Ramey was unable to prepare a habeas petition due to medical reasons for a portion of the statutory limitations period, he failed to establish how these circumstances "stood in the way" of his otherwise diligent pursuit of his rights so as to justify filing his habeas petition approximately 17 months after the end of the statute of limitations. *See e.g.*, *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Martin v. Fayram,* 849 F.3d 691, 698 (8th Cir. 2017). Accordingly, Ramey's motion for equitable tolling is denied.

Finally, as to Mr. Ramey's Request to Appoint Counsel (Doc. No. 37), "there is no general right to counsel in post-conviction habeas proceedings for criminal defendants." *United States v. Chanthavong*, No. 22-CR-210 (DWF), 2026 WL 1047938, at *3 (D. Minn. Apr. 17, 2026) (citing *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999); *Garza v. Idaho*, 586 U.S. 232, 245-46 (2019)). Accordingly, his request is denied.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED that**:

1. Petitioner Scott Ramey's application to proceed *in forma pauperis* on appeal (Doc. No. 34) is **GRANTED**;
2. Ramey's motion for equitable tolling (Doc. No. 27) is **DENIED**; and
3. Ramey's request to appoint counsel (Doc. No. 37) is **DENIED**.

Dated: Wednesday, August 26, 2026

*s/ Susan Richard Nelson*
Susan Richard Nelson
United States District Judge